UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BELINDA G. JOHNSON, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> DEPARTMENT OF VETERAN ) </br> ADMIN MEDICAL CTR, ) </br> ) </br> Defendant. ) </br> ) | Civil Action No. 1:23-cv-0780 (RC) |

## MEMORANDUM OPINION

On August 14, 2023, defendant filed a motion to dismiss the complaint (ECF No. 7) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. On August 15, 2023, the Court issued an Order (ECF No. 8) advising this *pro se* plaintiff of her obligations under the Federal Rules of Civil Procedure and the rules of this Court. The Order set September 15, 2023, as the deadline for plaintiff's opposition or other response to the motion and warned that the Court would resolve the motion without the benefit of plaintiff's position if she failed to respond timely. To date, plaintiff has not filed a response or requested more time to do so. For the reasons discussed below, the Court GRANTS defendant's motion.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

1

Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79). As drafted, the complaint, which is vague, conclusory, and partially illegible, fails to meet these goals. Mere allegations that law enforcement officers at the Department of Veterans Affairs Medical Center detained plaintiff for approximately 33 minutes on March 23, 2023, issued her a citation, and demanded that she sign the citation, does not state a plausible legal claim.

If the complaint were construed as a tort claim against a federal government agency for monetary damages, it would proceed under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346, 2671-80. The FTCA claim fails for two reasons. First, a plaintiff cannot pursue an FTCA claim against the United States unless she first has presented her claim to the appropriate federal agency and the agency has denied that claim. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 111 (1993). This exhaustion requirement is jurisdictional, and absent any showing by plaintiff that she had exhausted her administrative remedies, the Court lacks jurisdiction. *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005). Second, while the FTCA is one example of an express waiver of the federal

government's sovereign immunity, it does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). By alleging there as "no notification as to why [her] freedom" was restricted, Compl. at 1, the Court understands plaintiff to raise a claim under the Fourth or Fifth Amendment to the United States Constitution, and "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

    An Order is issued separately.

DATE: October 10, 2023            /s/
                                            RUDOLPH CONTRERAS
                                            United States District Judge